IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GDM ENTERPRISES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-1069-CV-W-SRB |
| | ) |
| ASTRAL HEALTH & BEAUTY, INC., et al., | ) |
| | ) |
| Defendants | ) |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss Count I of the First Amended Counterclaim. (Doc. #38). For the following reasons the motion is DENIED.

### I.     Background

Plaintiff and Defendants are both involved in the cosmetic industry. Plaintiff purports to own the registered trademark for "PURE COSMETICS." Plaintiff alleges Defendants are infringing on Plaintiff's federally-registered trademark by utilizing the confusingly similar brand name, "Pür Cosmetics." Plaintiff alleges it has been using the trademark "PURE COSMETICS" since mid-2014. According to Plaintiff, Defendants historically sold cosmetics under the trademark "pürminerals" or "Pür Minerals." In July 2015, Plaintiff was featured on an hour-long episode of *The Profit* on CNBC, after which its sales increased "markedly." (Doc. #20, p. 8). Plaintiff alleges, shortly thereafter, Defendants changed the name of their product line from "Pür Minerals" to "Pür Cosmetics," causing confusion.

Plaintiff alleges its and Defendants' web-based marketing, internet sales platforms, and social media marketing are confusingly similar to consumers. For example, Plaintiff's Twitter handle is "@purecosmetics" and Defendants' is "@purcosmetics." Plaintiff alleges such

1

confusion has caused misdirection of comments on social media (i.e. intended for Plaintiff but posted on Defendants' sites) and return packages (i.e. intended for Plaintiff but mailed to Defendants). Plaintiff further alleges Defendants had actual knowledge of Plaintiff's registered trademark as demonstrated by previous proceedings in the Northern District of Georgia, beginning on October 12, 2016.[1] Plaintiff brings claims for trademark infringement, use of counterfeit mark, and unfair competition.

Defendants filed two counterclaims—a declaration of non-infringement (First Counterclaim) and a request to cancel Plaintiff's trademark for "PURE COSMETICS" (Second Counterclaim). To support its First Counterclaim, Defendants allege they have "never sold, offered for sale, or promoted a single product under the brand name or trademark "Pur Cosmetics." (Doc. #34, p. 23) (missing umlaut in original). Additionally, Defendants allege the domain name "www.purcosmetics.com" has been registered since February 2011, "more than a year before [Plaintiff] claims to have begun any use of the term PURE COSMETICS or to have filed a trademark application for the same." (Doc. #34, p. 23). Plaintiff brings the instant motion to dismiss Defendants' First Counterclaim pursuant to Federal Rule Civil Procedure 12(b)(6).

**II.     Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief. *See, e.g. Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "To

---

[1] This Georgia suit was later dismissed voluntarily without prejudice on November 23, 2016, before an answer or summary judgment motion were filed. Notice of Voluntary Dismissal without Prejudice, Astral Health and Beauty, Inc. v. GDM Enterprises, LLC, 1:16-cv-03793-LMM (N.D. Ga. Ov. 23, 2016) (Doc. #7). The Eighth Circuit has stated that the effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought, especially in situations where no answer was filed. *Robinette v. Jones*, 476 F.3d 585, 589 n.3 (8th Cir. 2007).

2

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the non-moving party, but the Court need not accept as true legal conclusions couched as factual allegations. *Id.* at 678.

### III. Discussion

Plaintiff argues that "a counterclaim for declaratory judgment cannot be brought in an effort simply to obtain the reflexive, opposite conclusions required by the plaintiff" where the counterclaim and the original complaint raise identical factual and legal issues, as is the case here. (Doc. #38, p. 3). Defendants argue that intellectual property law permits a party who has been sued for trademark infringement to allege non-infringement in a declaratory counterclaim. In the alternative Defendants argue their counterclaim raises different facts than Plaintiff's original claim.

Declaratory judgment litigation has developed distinct personalities depending on the substantive law at issue. *Nat'l Hockey League v. Nat'l Hockey League Players Ass'n*, 789 F. Supp. 288, 295 (D. Minn. 1992). Plaintiff does not provide any case law addressing the issue of duplicative counterclaims in intellectual property litigation. As explained below, intellectual property cases present a unique opportunity for a defendant to seek affirmative relief in the form of declaratory judgment counterclaims, and, because the cases cited by Plaintiff do not involve this type of litigation, they hold little persuasive value.

This Court notes there is some disagreement among federal courts as to whether dismissal of declaratory judgment counterclaims for non-infringement is appropriate when the complaint includes an infringement claim. *King v. American Fish Attractor*, No. 5:16-cv-5128, 2016 WL 4699707, at *2 (W.D. Ark. Sept. 7, 2016). Some courts have found dismissal appropriate because the counterclaim for non-infringement was duplicative of the original infringement claim. *Sarkis' Café, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034 (N.D. Ill. 2014); *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026 (N.D. Ill. 2013). These courts reason that the non-infringement counterclaims fail to serve a "useful purpose" in determining the outcome of the case because "the controversy has ripened and the uncertainty and anticipation of litigation are alleviated." *King*, 2016 WL 4699707, at *2 (citing *Sarkis' Café, Inc.*, 55 F. Supp. 3d at 1038). Put another way, these courts found that once the court ruled on the merits of the original claim, the question of whether a defendant infringed upon a plaintiff's marks will be resolved "in its entirety." *Id.*

On the other hand, Wright and Miller's Federal Practice and Procedure—which Plaintiff itself cites—states that when a "patentee sues for infringement, [the] defendant may counterclaim for a declaration of invalidity and noninfringement."[2] 10B Fed. Prac. & Proc. Civ. § 2761 (4th ed.). This ensures that "the defendant is protected against the possibility that the patentee will dismiss the suit or that the infringement action will not resolve all of the issues between the parties." *Id.* The Western District of Arkansas in *King* expressed nearly this exact concern. *King*, 2016 WL 4699707, at *2; *see also Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 WL 3383758, at *2 (N.D. Cal. June 20, 2016). The *King* court noted that although a

---

[2] "Declaratory judgment actions involving trademarks are analogous to those involving patents . . . and principles applicable to declaratory judgment actions involving patents are generally applicable with respect to trademarks." *Who Dat, Inc. v. Rouse's Enterprises, LLC*, No. CIV.A. 12-2189, 2013 WL 395477, at *3 (E.D. La. Jan. 31, 2013) (citing *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 596 (2d Cir. 1996)).

non-infringement counterclaim is "indeed[] duplicative," it also "serve[s] an independent purpose. Namely, if [a plaintiff] decides to voluntarily dismiss its claims without prejudice, the counterclaims allow [a defendant] to persist in resolving the dispute between the parties, and to potentially obtain an award for attorney's fees." *Id.* at 3.

This Court agrees. 15 U.S.C. § 1117(a) provides that a court may award reasonable attorney fees to the prevailing party in certain cases. However, when a trademark plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a prevailing party. *Cf. Amerimax Real Estate Partners, Inc. v. RE/MAX Intern., Inc.*, 600 F. Supp. 2d 1003, 1007-08 (N.D. Ill. 2009) (denying an award of attorneys' fees and costs after voluntary dismissal with prejudice of trademark counterclaim). "Absent defendant's counterclaim, if events reveal that this case is meritless, the plaintiff could voluntarily dismiss its affirmative claims without prejudice under [Federal Rule of Civil Procedure] 41(a)(2), seeking to avoid an award of attorney's fees. If, however, defendant's counterclaim remains alive, [it] will be able to press [its] counterclaim." *King*, 2016 4699707, at *2 (citing *Malibu Media, LLC*, 2016 WL 3383758, at *2. Therefore, the Court finds Defendants' non-infringement counterclaim meets the Rule 12(b)(6) standard and serves a useful purpose. *Am. Energy Corp. v. Am. Energy Partners, LP*, No. 2:13-CV-886, 2015 WL 881519, at *3 (S.D. Ohio Mar. 2, 2015) (nothing that "[t]he Court does not strike the claims if they serve a useful purpose" when faced with a similar motion).

**IV.     Conclusion**

Plaintiff's Motion to Dismiss Count I of the First Amended Counterclaim (Doc. #38) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  July 17, 2018