IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GDM ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-1069-CV-W-SRB |
| | ) | |
| ASTRAL HEALTH & BEAUTY, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Before the Court are Defendants' Motion for Partial Summary Judgment Cancelling U.S. Trademark Registration No. 4,541,526 (Doc. #99) and Plaintiff's Motion to Strike Defendants' Motion for Reconsideration of Partial Summary Judgment, and Suggestions in Support (Doc. #103). For the following reasons, Defendants' Motion (Doc. #99) is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion (Doc. #103) is DENIED.

**I.** **Legal Standard**

Federal Rule of Civil Procedure 56(a) requires a court to grant a motion for summary judgment if 1) the moving party "shows that there is no genuine dispute of material fact" and 2) the moving party is "entitled to judgment as a matter of law." A nonmoving party survives a summary judgment motion if the evidence, viewed in the light most favorable to the nonmoving party, is "such that a reasonable jury could return a verdict for the nonmoving party." *Stuart C. Irby Co. v. Tipton*, 796 F.3d 918, 922 (8th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). While a plaintiff opposing summary judgment "may not simply point to allegations in the complaint," *Robbins v. Becker*, 794 F.3d 988, 993 (8th Cir. 2015) (internal quotation marks and citation omitted), the "standard for avoiding summary judgment"

is "relatively lenient." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 479–80 (2013) (citing *Anderson*, 477 U.S. at 248). The purpose of summary judgment "is not to cut litigants off from their right of trial by jury if they really have issues to try." *Hughes v. Am. Jawa, Ltd.*, 529 F.2d 21, 23 (8th Cir. 1976) (internal quotation marks omitted) (quoting *Poller v. Columbia Broadcasting Sys., Inc.*, 368 U.S. 464, 467 (1962)).

## II. Background

Considering the parties' statements of fact and supporting evidence in the light most favorable to Plaintiff as the non-moving party, the Court finds the relevant facts to be as follows:

Plaintiff GDM Enterprises, LLC, and Defendants Astral Health & Beauty, Inc. and Astral Brands, Inc. are all companies involved in the cosmetic industry. Plaintiff owns the registered trademark for "PURE COSMETICS." Plaintiff filed the application for the trademark on September 19, 2012, with the United States Patent & Trademark Office ("PTO"). The application was a use-based application under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a). In its application, Plaintiff applied for registration of the trademark in International Classes 3, 4, 16, and 21. Ultimately, Plaintiff deleted International Classes 4 and 16 from the application, and the trademark registered for the product descriptions Plaintiff selected within International Class 3, Cosmetics and Cleaning Preparations; and International Class 21, Household Utensils.[1]

Plaintiff alleges Defendants are infringing on Plaintiff's trademark by utilizing the confusingly similar brand name, "Pür Cosmetics." The claims that remain active in Plaintiff's Second Amended Complaint are for trademark infringement under 15 U.S.C. § 1114(1), Count 1; federal unfair competition/false designation of origin under 15 U.S.C. § 1125(a), Count 4; and

---

[1] Plaintiff selected over one hundred product descriptions within International Class 3 and ten product descriptions within International Class 21.

2

state common law unfair competition, Count 5. Defendants argue they cannot have infringed on Plaintiff's trademark because Plaintiff's trademark is invalid and must be canceled. Defendants bring two counterclaims—declaration of non-infringement, Counterclaim 1; and cancelation of U.S. trademark for PURE COSMETICS, Counterclaim 2.

Early in the discovery period, Defendants moved for partial summary judgment on their Counterclaim 2 and Plaintiff's Count 1, arguing they could not have infringed on Plaintiff's trademark and that Plaintiff's trademark should be canceled. Defendants argued Plaintiff's trademark registration was procured by fraud and the trademark is void *ab initio* as a result of Plaintiff's failure to use the trademark in commerce prior to the filing date of the application. The Court denied Defendants' motion with respect to the cancellation argument in part based on the lack of development of the factual record. Because Plaintiff conceded in its briefing that certain product descriptions should be eliminated from the trademark registration based on lack of use prior to the application filing date, the Court instructed Plaintiff to clarify which product descriptions should be eliminated and invited the parties to conduct further motion practice. Defendants now move for partial summary judgment again on their Counterclaim 2 and Plaintiff's Count 1, arguing Plaintiff's trademark registration is void *ab initio*, or, in the alternative, that all but seven product descriptions must be stricken from the registration. Plaintiff argues that 37 product descriptions should remain part of the trademark registration.

### III. Discussion

#### A. Cancelation of Trademark

To apply for trademark registration under Section 1(a) of the Lanham Act, the trademark must be "used in commerce." 15 U.S.C. § 1051(a)(1).

> The term "use in commerce" means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
>
> **(1)** on goods when—
>
> **(A)** it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
>
> **(B)** the goods are sold or transported in commerce[.]

15 U.S.C. § 1127. The trademark must be "in use in commerce as of the application date." 37 C.F.R. § 2.34(a)(1)(i).

### 1. Void *Ab Initio*

Defendants argue that Plaintiff's failure to timely cure its trademark registration should result in the registration being canceled in its entirety. Plaintiff argues cancelation of the registration in its entirety is not an appropriate remedy. A use-based trademark application is void *ab initio*[2] when "the applicant has not used the applied-for mark on any of the goods or services identified in the application prior to the filing of the application." *Grand Canyon West Ranch, LLC v. Hualapai Tribe*, 78 U.S.P.Q. 2d 1696, 2006 WL 802407, at *1 (T.T.A.B. 2006). However, in the absence of fraud, "as long as the mark was used on some of the identified goods or services as of the filing of the application, the application is not void in its entirety." *Id.* at *1. "One way to cure the defect would be to delete from the description those goods or services on which the mark was not used." 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 31:73 (5th ed. 2019). Viewed in the light most favorable to Plaintiff, Plaintiff's summary corporate records demonstrate that the trademark was used on two of Plaintiff's goods prior to the filing of the trademark application—body crème and anti-aging face to body lotion.

---

[2] "Void *ab initio*" means "[n]ull from the beginning." *Black's Law Dictionary* 1064 (8th ed. 2004).

4

Accordingly, the Court finds the registration is not void in its entirety. *See Grand Canyon*, 2006 WL 802407, at *1.

### 2. Partial Cancelation

Defendants argue alternatively that Plaintiff's registration for use on body crème and anti-aging face to body lotion should be limited to seven product descriptions within International Class 3: beauty creams for body care; beauty lotions; body cream; body creams; body lotion; body lotions; and non-medicated skin creams and lotions. Plaintiff argues its two goods properly identify with thirty product descriptions within International Class 3 in addition to the seven proposed by Defendants.[3]

"The identification of goods or services must be specific, definite, clear, **accurate**, and concise." *In Re Petroglyph Games, Inc.*, 91 U.S.P.Q.2d 1332, 2009 WL 1759327, at *3 (T.T.A.B. 2009) (quoting TMEP § 1402.01) (emphasis in original). "With few exceptions, an identification of goods and services will be considered acceptable if it: [d]escribes the goods and/or services so that an English speaker could understand what the goods and/or services are . . . [and] [i]s in the correct class, i.e., there is no language in the identification that makes classification difficult or ambiguous; each class lists goods or services that are clearly in a single class." *In Re Faucher Indus. Inc.*, 107 U.S.P.Q.2d 1355, 2013 WL 5407312, at *7 (T.T.A.B. 2013) (citing TMEP § 1402.01(a)). "An identification is unacceptable if it is inconsistent with

---

[3] The additional thirty product descriptions Plaintiff proposes are: cosmetics; cosmetic creams; cosmetic preparations, namely, firming creams; cosmetic preparations, namely, firming lotions; cosmetic preparations for skin care; cosmetic preparations for skin renewal; cosmetics and cosmetic preparations; cosmetics and make-up; cosmetics in the form of milks, lotions and emulsions; face and body beauty creams; face and body creams; face and body lotions; face creams for cosmetic use; face milk and lotions; facial lotion; lotions for cosmetic purposes; lotions for face and body care; lotions for skin, face; make-up; make-up for the face and body; non-medicated skin creams; non-medicated skin creams and lotions; non-medicated skin care preparations, namely creams, lotions; non-medicated skin care preparations, namely, lotion; non-medicated stimulating lotions for the skin; scented body lotions and creams; skin and body topical lotions, creams and oils for cosmetic use; skin conditioning creams for cosmetic purposes; skin lotion; skin lotions; and wrinkle-minimizing cosmetic preparations for topical facial use.

the goods or services indicated by the specimens, or if the ordinary meaning of the identification language is at variance with the goods or services evidenced by the specimens or any other part of the record." *Id.* (quoting TMEP § 1402.05). "The primary purposes for requiring a clear identification of the goods in a trademark application are (i) to allow for informed judgments concerning likelihood of confusion under 15 U.S.C. § 1052(d) and (ii) to allow for the proper classification of the goods." *Id.* (citing TMEP § 1402.0).

In accordance with this standard and the policy behind it, the record supports that the following product descriptions, all within International Class 3, properly describe Plaintiff's body crème and anti-aging face to body lotion:

1. Beauty creams for body care;
2. Beauty lotions;
3. Body cream;
4. Body creams;
5. Body lotion;
6. Body lotions;
7. Cosmetics;
8. Cosmetic creams;
9. Cosmetic preparations, namely, firming lotions;
10. Cosmetic preparations for skin care;
11. Cosmetic preparations for skin renewal;
12. Cosmetics and cosmetic preparations;
13. Face and body lotions;
14. Facial lotion;

15. Lotions for cosmetic purposes;

16. Lotions for face and body care;

17. Lotions for skin, face;

18. Non-medicated skin creams;

19. Non-medicated skin creams and lotions;

20. Non-medicated skin care preparations, namely, creams, lotions;

21. Non-medicated skin care preparations, namely, lotion;

22. Non-medicated stimulating lotions for the skin;

23. Skin conditioning creams for cosmetic purposes;

24. Skin lotion;

25. Skin lotions; and

26. Wrinkle-minimizing cosmetic preparations for topical facial use.

The cases cited by Defendants in support of their argument to limit Plaintiff's registration to seven product descriptions involve descriptions that were misleading and inaccurate in the sense that the descriptions could be construed as corresponding with products across International Classes. No such concern exists in this case, as the two goods at issue identify solely with product descriptions within International Class 3. Defendants' chief concern is with Plaintiff's argument that the two products are properly described as cosmetics and make-up. The Court finds the products satisfy the definition of cosmetics. *See* 21 U.S.C. § 321(i) ("The term 'cosmetic' means articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance[.]"). The Court, however, finds that Plaintiff has produced no evidence sufficient to support the conclusion that body crème and face to body

lotion are properly described as make-up, face milk, emulsions, or oils. Accordingly, Plaintiff's trademark registration for PURE COSMETICS is canceled as to all product descriptions except for the 26 listed above.

IV. **Conclusion**

Defendants' Motion for Partial Summary Judgment Cancelling U.S. Trademark Registration No. 4,541,526 (Doc. #9) is GRANTED IN PART and DENIED IN PART. Defendants' motion for summary judgment on their Counterclaim 2 and Plaintiff's Count 1 on the grounds that Plaintiff's trademark should be canceled in its entirety as void *ab initio* is DENIED. Defendants' motion for cancelation of Plaintiff's trademark as to all product descriptions with which the trademark was not in use as of the application filing date is GRANTED.

Plaintiff's Motion to Strike Defendants' Motion for Reconsideration of Partial Summary Judgment, and Suggestions in Support (Doc. #103) is DENIED.

Pursuant to 15 U.S.C. § 1119, this Order is hereby certified to the Director of the PTO. The Director shall make appropriate entry upon its records regarding the PURE COSMETICS trademark, registration number 5451526, in accordance with this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2019